

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2010

# In Re: Noel Bango

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Noel Bango " (2010). *2010 Decisions.* Paper 1630.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1630

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-108                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4410
_____

IN RE: NOEL K. BANGO,
                                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to 1-08-cr-00153-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 28, 2010
Before: MCKEE, RENDELL and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 25, 2010)
_____

OPINION
_____

PER CURIAM

     Noel Bango, a federal prisoner proceeding pro se, filed a petition for a writ of

mandamus.  For the reasons stated below, we will deny the petition.

     Bango seeks to have Chief Judge Sleet, who presided over Bango's criminal

matter, disqualified from presiding over any present or future civil or criminal

proceedings involving him.  Bango alleges that Chief Judge Sleet exhibited prejudice,

bias, and partiality against him when he remanded Bango into custody and terminated his

out-patient treatment.  Bango believes that Chief Judge Sleet issued these rulings because

Bango filed ineffective assistance of counsel motions against his court-appointed attorneys. Bango also alleges that, because he filed grievances against the prisons where he was housed and threatened to sue for "medical neglect, physical abuse, and [lockdown]," Chief Judge Sleet retaliated against him and sentenced him to 21 months' incarceration.[1]

The writ of mandamus is an extreme remedy that is granted only when there is no other remedy available to the petitioner and the petitioner's right to mandamus relief is clear and indisputable. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Pasquariello, 16 F.3d 525, 529 (3d Cir. 1994). Mandamus may not be used as a substitute for the regular appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Litigants seeking to disqualify a judge may file a motion pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144.[2] However, claims of actual judicial bias pursuant to § 144 are not appropriate for mandamus. Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc). Claims under 28 U.S.C. § 455(a) may be brought via mandamus. See Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

---

[1] Bango's appeal from his conviction and sentence is currently pending before this Court. (C.A. No. 09-3863).

[2] Based on our review of the District Court's docket, it does not appear that Bango filed a motion seeking to disqualify Chief Judge Sleet pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144.

2

To the extent that Bango's claim falls under § 455, he has not shown that he is entitled to relief. Bango's petition rests on his disagreement with Chief Judge Sleet's rulings, and without more, he cannot show bias or impartiality. Moreover, nothing in the Bango's filing indicates that the Chief Judge is biased against him. Accordingly, mandamus relief is not appropriate. In addition, we will deny Bango's requests to (1) file his motion pursuant to 28 U.S.C. § 2255 in another federal district; (2) compel the District Court to reinstate his out-patient treatment; and (3) issue any further declaratory relief.